IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,
vs.                          Case No. 04-40054-01-RDR

JOHN D. BENT,

           Defendant.

_____

## MEMORANDUM AND ORDER

    This order is issued to record the rulings of the court upon the issues raised during the sentencing hearing in this case. Defendant appeared for sentencing after pleading guilty to the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

    As a housekeeping matter, the court noted that defendant's pretrial motions would be considered withdrawn. Defense counsel concurred with this action.

    The court also granted one of defendant's objections to the presentence report. This objection concerned whether the provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e), should be applied to this case.

    The Armed Career Criminal Act (ACCA) provides that persons sentenced for violating § 922(g) be sentenced to not less than 15 years if they have three previous convictions for a "violent felony." "Violent felony" is defined as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . ., that - -
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

It is admitted that defendant has two prior convictions for a violent felony under § 924(e). The question before the court was whether a prior conviction for attempted burglary in the District Court for Johnson County, Kansas in Case No. 94-CR-1117, qualifies as a "violent felony" under the ACCA.

The Tenth Circuit in two cases has held that convictions for attempted burglary did not constitute "violent felonies" under § 924(e). U.S. v. Permenter, 969 F.2d 911, 915 (10th Cir. 1992); U.S. v. Strahl, 958 F.2d 980, 986 (10th Cir. 1992). These cases are closer to the facts of this case than the cases cited in the government's response to defendant's objection. The government has cited U.S. v. Phelps, 17 F.3d 1334 (10th Cir.) cert. denied, 513 U.S. 844 (1994); U.S. v. Barney, 955 F.2d 635 (10th Cir. 1992); and U.S. v. Martinez, 2002 WL 254133 (10th Cir. 2002). The Phelps case and the Barney case involve convictions for burglary - not attempted burglary. The Martinez case is an unpublished decision. Therefore, it has very limited precedential authority. In addition, it concerns a conviction

2

for attempted first degree burglary in Colorado.  First degree burglary in Colorado includes as an element that "in effecting entry or while in the building or occupied structure or in immediate flight therefrom, the person . . . assaults or menaces any person, or the person . . . is armed with explosives or a deadly weapon."  Martinez, at p. 5, quoting Colo.Rev.Stat.Ann. § 18-4-202.  The charging document for the conviction alleged that the defendant in Martinez was "armed with a deadly weapon, to wit; a baseball bat and did assault and menace" another person.  Id.  The Kansas statute in question in this case (K.S.A. 21-3715) does not contain an assault element or a weapon possession element.  The charging document used for defendant's attempted burglary conviction does not allege assault or weapon possession as part of the attempted burglary charge.  These distinctions explain why the Tenth Circuit would find that the attempted burglary conviction in Martinez was a "violent felony" and why we believe the Tenth Circuit would reach a different decision in the case at bar.

The government suggests that the court can look at the underlying facts of defendant's attempted burglary conviction. We believe the holdings of Shepard v. United States, 125 S.Ct. 1254 (2005) and Taylor v. United States, 495 U.S. 575 (1990) limit our review to the statutory elements, charging documents

3

and jury instructions.  Upon a review of those documents and the holdings of the Tenth Circuit in <u>Strahl</u> and <u>Permenter</u>, defendant's objection was granted.

Our decision to grant defendant's objection rendered defendant's supplemental objection moot.

Therefore, the court found that the total offense level in this case was 21.  Defendant has a criminal history category of VI.  The guideline sentencing range was 77 to 96 months.  The court sentenced defendant to a term of 85 months.  The court also agreed to recommend that defendant serve this sentence at or near Englewood, Colorado.

A copy of this order shall accompany any copy of the presentence report transmitted to the Bureau of Prisons.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2005 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge